IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| LAMONT BUTLER, ) | C.A. NO. 3:14-CV-2206-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | GRANTING SUMMARY JUDGMENT |
| 7-ELEVEN, INC., d/b/a 7-Eleven ) | |
| Convenience Store # 36863, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Through this action, Plaintiff, Lamont Butler ("Plaintiff"), seeks recovery from his former employer, 7-Eleven, Inc. ("Defendant"), for alleged wrongful termination in violation of public policy. ECF No. 1-1 (Complaint originally filed in state court). Specifically, Plaintiff alleges that he was terminated in October 2013 for "refus[ing] to sell alcoholic beverages because he knew that [Defendant's] liquor license for his store had expired." *Id.* ¶¶ 9-11.[1]

Defendant removed the matter to this court on June 6, 2014. ECF. No. 1. A week later, Defendant filed the present motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. ECF. No. 5 (filed June 13, 2014). The motion seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure based on Plaintiff's "fail[ure] to articulate any public policy upon which he bases his wrongful termination claim." ECF. No. 5 at 1. The motion seeks summary judgment based on evidence that the store where Plaintiff worked, in fact, "had a valid alcohol sales license throughout Plaintiff's term of employment." *Id.* This factual claim is

---

[1] Plaintiff asserts only one claim for relief. This claim is titled "FIRST CLAIM FOR RELIEF[,]" "Wrongful Termination in Violation of Public Policy Against Defendant City of Columbia Only." The court presumes the reference to "Defendant City of Columbia" is a scrivener's error as the only Defendant named is 7-Eleven, Inc., and there is no other reference to the City of Columbia in the Complaint.

supported by the sworn declaration of the store's manager and an attached "off-premises beer and wine sales license." ECF. No. 5-2.

Defendant's motion was served on Plaintiff's counsel through the court's electronic filing system. ECF. No. 5. The notice of electronic filing included a reminder that a response to the motion was due on or before June 30, 2014. This reminder is consistent with Local Civ. Rule 7.06 (D.S.C.), which allows a party fourteen days to respond to a motion, as extended by Rule 6(d) of the Federal Rules of Civil Procedure. Despite this notice, Plaintiff failed to file any opposition to Defendant's motion within the time allowed for doing so.

Based on all evidence of record, the court concludes that Defendant is entitled to summary judgment. The court, therefore, addresses only this alternative basis for relief.

**STANDARD**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

(1)   A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

    (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or

    (b)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

## DISCUSSION

Defendant has proffered evidence that the store where Plaintiff was employed had a valid license to sell alcohol covering the month during which Plaintiff alleges he was fired for refusing to sell alcohol. Plaintiff has failed to proffer any contrary evidence. It follows that Plaintiff has failed to proffer evidence sufficient to raise a genuine issue of material fact as to a critical element of his wrongful termination claim.[2]

Under these circumstances, the court grants Defendant's motion for summary judgment based on the absence of evidence that Plaintiff was fired for refusing to sell alcohol for a store that lacked a valid license to make such sales. The court does not address Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[2] For purposes of this order, the court assumes without deciding that the facts alleged in the complaint would support a claim for wrongful termination in violation of public policy.

# CONCLUSION

Defendant's motion for summary judgment is granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
July 2, 2014